IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DELFON LEBREW HARE,** | * |
| Petitioner, | * |
| v. | * Criminal Case No. RWT-07-189 |
| | * Civil Case No. RWT-10-1757 |
| **UNITED STATES OF AMERICA,** | * |
| Respondent. | * |

## MEMORANDUM ORDER

Delfon Lebrew Hare has filed a second motion, ECF No. 106, under Federal Rule of Civil Procedure 60(b) to set aside the Court's previous order denying his motion to vacate under 28 U.S.C. § 2255, ECF No. 89, as well as the Court's previous order denying his motion to reconsider under Rule 60, ECF No. 105. Hare has also filed a Motion to Stay Proceedings and Hold in Abeyance, ECF No. 107. For the reasons that follow, both motions are denied.

In his Motion for Reconsideration, Hare continues to argue that the federal government and this Court did not have jurisdiction over him because a state court had issued writs of habeas corpus ad prosequendum.[1] ECF No. 106, at 5–6. As the Court has previously explained, this argument is simply incorrect. Such writs do not transfer or remove jurisdiction from the original jurisdiction, which in this case was the federal government. *See United States v. Evans*, 159 F.3d 908, 912 (1998). Regardless of whether Hare was produced in response to the writs, at no time did the federal government or the Court lack jurisdiction over Hare in adjudicating his prosecution for violation of federal crimes.

---

[1] The state docket lists the writs as having been issued on May 7, 2008; June 16, 2008; and June 23, 2008. Docket, State v. Hare, CJ070736.

Hare argues again that the writs are new evidence as envisioned by Rule 60(b)(2). ECF No. 106, at 7. This argument is without merit both because Hare admits he was aware of the writs and because the writs are irrelevant to his prosecution. *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989) (explaining that Rule 60 requires that new evidence be, among other requirements, "newly discovered since judgment was entered . . . [and] likely to produce a new outcome"). The fact that Hare, "as an unskilled layman in the law," ECF No. 106, at 6, did not understand the writs' significance is without consequence because the writs are not significant. As explained above, they have no effect on this Court's jurisdiction.

Hare also continues to assert that the government committed fraud and misconduct, which entitles him to relief under Rule 60(b)(3). *Id.* at 7, 9. He argues that the writs are not in his federal file and that this indicates misconduct. *Id.* at 9. Because the writs did not remove jurisdiction, and are irrelevant to Hare's prosecution for federal crimes, their absence from his file indicates nothing with regard to his conviction, sentence, or any alleged misconduct or fraud during his trial or post-conviction proceedings. It follows that there is no evidence the documents were omitted with intent to mislead, as would be required for actionable fraud or misrepresentation. *See Great Coastal Exp., Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 675 F.2d 1349, 1358 (4th Cir. 1982) (explaining the fraud standard for Rule 60). Nor can Hare make the requisite showing that their omission made any difference in his prosecution or sentence or in any subsequent habeas proceeding. *Id.*

Finally, Hare moves for this Court to stay proceedings and hold his case in abeyance while he pursues clemency. ECF No. 107, at 1–2. As Hare has presented no viable argument in either of his motions under Rule 60, there are no grounds to stay proceedings and permit him to file another meritless motion.

Accordingly, it is, this 26th day of February, 2016, by the United States District Court for the District of Maryland, hereby

**ORDERED**, that Petitioner's Motion for Reconsideration [ECF No. 106] is **DENIED**; and it is further

**ORDERED**, that Petitioner's Motion for Stay and Abeyance [ECF No. 107] is **DENIED**; and it is further

**ORDERED**, that the Clerk **SHALL MAIL** a copy of this Order to Petitioner.

                                                           /s/
                                       ROGER W. TITUS
                            UNITED STATES DISTRICT JUDGE